# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed August 24, 1894.

## JOHN T. HOFFMAN
## VS.
## CHARLES C. McCOLGAN.

*William L. Marbury* and *H. Snowden Marshall* for plaintiff.

*James McColgan* for defendant.

WICKES, J.—

The bill is filed for the purpose of enforcing the plaintiff's mechanics' lien against the fee-simple interest of the defendant.

The simple facts are, that on April 3d, 1894, the defendant executed a ninety-nine year lease in the usual form, to one Thomas F. B. Clarke, the consideration expressed being one dollar, and the rent reserved being at the rate of six dollars a front foot. The lease was promptly recorded. On the same day, but subsequent to the execution of the lease, an agreement was entered into between McColgan and Clarke, by the terms of which Clarke was to build certain houses upon the leased property according to the prescribed specifications. The lease is recited in this agreement, and, in addition, the consideration moving from defendant to Clarke was a bonus, "and not a loan," as the agreement states, of five hundred dollars on each house, to be paid at various stages of erection, a release of the first six months' ground rent, and at the completion of the houses a loan of seven hundred dollars upon each house, to be secured by mortgage on Clarke's leasehold interest.

Clarke proceeded to erect the buildings, and on May 26th, 1894, having informed Hoffman, the plaintiff, of the terms of the lease, which was then

the record, he agreed in writing to purchase a large number of bricks, which were subsequently delivered and used in the construction of the buildings.

As the houses progressed the defendant fully complied with his contract and paid the bonus as it accrued. Clarke became insolvent and discontinued work, and the lien was filed to subject McColgan's reversion to the payment of this claim.

The defendant had no knowledge of Clarke's financial condition, but took him upon the recommendation of others, nor did he have any communication with Hoffman at any time in reference to the materials furnished, or enter into any engagement in regard to this transaction save such as appears upon the face of the contract.

The case is divested of every suggestion of bad faith; for notwithstanding the averment in the bill that the rent reserved by McColgan was wholly disproportioned to the value of the property, the evidence fails to sustain it; and the learned counsel for the plaintiff frankly stated in his argument that he imputed no wrong to the defendant, and presented the question solely upon the ground that the contract was simply a building contract, and not therefore within the provision of the law which limits the liability to the interest of the lessee.

I had scarcely supposed that the question involved in this case was any longer open to discussion in Maryland because of the provision of the Act of 1845, now embodied in the Code, and the decisions of the Court of Appeals, and but for the earnest contention of the plaintiff's counsel I would not have held it over for further consideration.

The section of the Code referred to is Section 9 of Article 63, which provides that "where a building shall be erected by a lessee or tenant for life or years of a farm or lot of ground, or by an archtiect, builder, or other person employed by such lessee or tenant, the lien shall only apply to the extent of the interest of such lessee or tenant."

A number of cases have been decided under this section, and I am of opinion that every fact and principle involved in the plaintiff's contention has been passed upon in one or other of them.

In Mills vs. Matthews, 7 Md. 321, Mills contracted to lease to Milburn a lot of ground in this city, Milburn agreeing to erect brick dwelling houses on the lot, Mills contracting to advance "as a loan" to Milburn $300 on each house. Upon the completion of the houses, the money advanced was to be repaid. Milburn contracted for the materials. The money was loaned as stipulated, and upon the failure of Milburn to complete the houses and comply with his contract, the property being sold, the question arose between Mills, who claimed to recover the advances made, and the material-men. The Court said, "as by the Act of 1845 the liens of the material-men can only attach upon the interest of Milburn, they can only claim to the extent of his rights founded upon the agreement which gave them existence." And again, "their liens can attach only to the interest of Milburn," said the Court, citing and commenting upon the Act of 1845.

In Weber vs. Weatherby, 34 Md. 657, the owner's interest was held liable, the Court saying, "the materials must be considered as furnished under the authority of the owner of the house, and he is estopped by his own conduct from disputing the demand."

In Gable & Beacham vs. Preacher's Fund Society, 59 Md., the question involved was not directly in point, but the Court approved the following language of the Court below: "The material-man who relies upon his lien must look to the state of the title of the land upon which his materials are to be used. If he finds the party with whom he deals is not the owner, but is the architect, builder or agent of the owner the last prescribes a mode by which upon notice to the owner he can make the land liable. If he finds that such party is lessee or tenant for life or years, he can only claim a lien to the extent of such estate."

Landerking vs. Rosenthal, 63 Md. 28 was like Mills vs. Matthews, an agreement under seal to lease, in consideration of which H. obligated himself to build eight houses according to specifications approved by R., the owner of the fee. R. covenanted that he would purchase four of the houses as soon as completed for $6,000, and he further agreed to aid H. in procuring bricks and lumber for the buildings by becoming surety for the payment to the extent of $2,000, that amount to be

charged against the $6,000 purchase money. He agreed to deliver the houses at the time specified to R. free from all liens of mechanics or materialmen. H. made his contracts for labor and materials, and commenced to build, but was unable to finish and R. having advanced the money agreed upon filed a bill of sale, of the equitable leasehold interest of H., and prayed that the proceeds be applied first to the amounts he had advanced under the contract and next to the payment of other liens. Those who had filed mechanics' liens were made parties defendants and claimed to have preference in order of payment. But the Court held that while the contract between R. and H. had in it some elements of a building contract, it was a contract for a lease, and if it had been performed on the part of H. he would have been entitled to a lease of the entire premises. The Court further held that R.'s claim for advances was a preferred lien upon the improvements.

In Beehler vs. Ijams, 1 Md. 197, there was an agreement or understanding between Carson, the owner of the leasehold, and Bond, the owner of the reversion, that the buildings were to be erected at *their joint expense*, and, when sold, *the proceeds were to be divided between them*, according to the value of their respective interests. It was in reference to this state of facts the Court said, "If the question was one between the lien claimants and Carson and Bond, it might well be said that the liens attached to and were enforcible against both the leasehold of Carson and the reversion of Bond." But this was because of the partnership arrangement between them in reference to these buildings, for, in another part of the opinion, the present Chief Justice takes occasion to say, "Where materials are furnished to one who is the *owner in fee*, the lien, no doubt, attaches not only to the building itself, but also to so much of the ground as may be necessary for the ordinary and useful purposes of such building. But where, as in this case, the property is leased for *ninety-nine years, renewable forever*, upon the payment of an annual ground rent to the lessor and

his assigns, and the building is erected by the lessee or his agent, the lien attaches to the leasehold estate only. The lessee in such cases has the absolute control and management of the property and has the exclusive right to improve it, so long as he pays the stipulated rent and renews the lease according to the terms of the covenant, and he and his representatives are entitled to hold, occupy and enjoy the property, and the reversioner can never, under any circumstances, obtain possession of the demised premises." These are the Maryland cases to which my attention has been directed, and I know of none at variance with them. And whether it be a loan by the owner of the fee to the lessee as in Mills vs. Matthews, upon the strength of which he has contracted to build, or as in Lenderking vs. Rosenthal, an agreement to aid in procuring materials and an advance of money with which to pay in part for them, the interest of a lessee is alone bound, for the labor and materials. A different rule prevails when the lessor is a party to the contract with the material man or is to profit by a sale of the property, as in Beehler vs. Ijams. Or when he makes a fraudulent lease for the purpose of shielding his interest in the land. But when the transaction is honest and fair, and the only reason for holding the reversion is because the owner of it has advanced money as a bonus "and not as a loan," and has further agreed to "loan or procure to be loaned," a sum of money on each house when completed to be secured by a mortgage on the leasehold interest, it is clear, I think, under our decisions, that the lien of those who furnish the material "only applies to the extent of the interest of the lessee" as provided by the section of the Code already referred to. Cases from other States have been referred to as sustaining plaintiff's contention under the facts of the present case, but the statutes differ so materially in the different States, that decisions based upon them carry but little weight, especially when at variance with our own declared law.

I do not think, however, there is the same uniformity of decision outside the State, that the learned counsel for the plaintiff seemed to suppose.

In Cornell vs. Barney, 94 N. Y. 394, materials were furnished by plaintiff

under contract with a lessee for a building in process of erection by the latter in pursuance of provisions in his lease. The lessor covenanted to loan a specified sum as the building advanced to be secured by mortgage on the lessee's interest. The building, in case the lessee failed to perform his covenants, was to revert to and become the property of the lessor. In an action to foreclose a mechanics' lien, it was held that in the absence of evidence that the lessor had some connection with plaintiff's contract, that the plaintiff was not entitled to have or enforce a lien against the interest of the lessor in the land or building, but only against that of the lessee.

I refer also to Williams vs. Vanderbilt (S. C. Illinois), 34 N. E. Rep. p. 476. The plaintiff's bill must be dismissed.